Filed 7/10/13  P. v. Buetler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C072687 |
| Plaintiff and Respondent, | (Super. Ct. No. 12SCR07774) |
| v. | |
| CHASITY LYNN BUETLER, | |
| Defendant and Appellant. | |

About 11:13 p.m. on June 2, 2012, Glenn County Deputy Sheriff Barry Corbin and Detective Dan Blair were on patrol in Afton.  Thefts of fuel and equipment had been recently reported in the agricultural area.  The officers noticed a pickup truck without a front license plate and turned to follow.  The truck sped away and the officers activated overhead lights.  The truck failed to stop immediately and proceeded to turn on a gravel road.  It finally stopped.  Deputy Corbin recognized the truck as matching the description of a truck related to the thefts in the area.  Defendant Chasity Lynn Buetler was driving.  She was on parole.  Morgan Marengo sat in the passenger seat.  Bolt cutters were on the ground next to the truck.  Marengo denied knowing anything about the bolt cutters.  In the truck bed, Deputy Corbin noticed a large diesel-type pump with diesel fuel leaking

1

from it, a metal fuel tank, and pieces of hose. Deputy Corbin contacted a victim of several thefts. The victim reported that his cousin had a pump that matched the description. Deputy Todd Ross went to the cousin's property and discovered that a pump was missing and a padlock had been cut. Defendant and Marengo were arrested. The victim identified the metal fuel tank as belonging to him. The fuel tank worth $800 had been taken several days before the officers arrested defendant and her cohort. The cousin identified the fuel pump worth $900 as belonging to him.

Defendant pled no contest to an added count of grand theft and admitted two prior prison term allegations (1995 receiving stolen property and 1998 possession of a controlled substance) in exchange for dismissal of the remaining counts and allegations.

The court sentenced defendant to a term of five years, two years to be served in county jail and a suspended three years on mandatory supervision pursuant to Penal Code section 1170, subdivision (h)(5)(B). The court awarded 151 actual days and 151 conduct days for a total of 302 days of presentence custody credit.

Defendant appeals. Her request for a certificate of probable cause was denied.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error in the award of presentence custody credit. The trial court awarded 151 actual days in custody and then stated, it was "giving [defendant] an extra day" for 151 conduct days for a total of 302 days of presentence custody credit. Defendant committed her offense on June 2, 2012. At the time of defendant's offense, Penal Code section 4019 had been amended to provide two days of conduct credit for every two days of actual custody credit and applies to prisoners who are confined for a

2

crime committed on or after October 1, 2011. (Pen. Code, § 4019, subds. (f), (h).) Defendant should have received 150 conduct days for a total of 301 days of presentence custody credit (151 actual days divided by two, multiplied by two, equals 150, no rounding up; see *In re Marquez* (2003) 30 Cal.4th 14, 25-26). We will modify the judgment accordingly.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified, changing conduct credit to 150 days for a total of 301 days of presentence custody credit. The trial court is directed to prepare an amended abstract of judgment accordingly and to forward a certified copy to the county jail. As modified, the judgment is affirmed.


                                                        ROBIE          , J.



We concur:



        RAYE        , P. J.



        NICHOLSON     , J.




3